IN THE SUPREME COURT OF THE STATE OF DELAWARE

JUSTIN WILSON, § 
§ No. 71,2020
Defendant Below, §
Appellant, §
§
v. § Court Below – Superior Court
§ of the State of Delaware
STATE OF DELAWARE, §
§ Cr. I.D. No. 0911019557 (S)
Plaintiff Below, §
Appellee. §

Submitted: February 26, 2020
Decided: March 20, 2020

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

# **O R D E R**

After consideration of the notice to show cause and the appellant's response, it appears to the Court that:

(1) The appellant, Justin Wilson, pleaded guilty to robbery and weapons offenses on March 15, 2010. The Superior Court sentenced Wilson on April 23, 2010.

(2) On December 14, 2010, Wilson filed a motion for postconviction relief. The Superior Court denied the motion on March 14, 2011. On April 15, 2011, Wilson filed a notice of appeal from the Superior Court's March 14, 2011 order denying the motion for postconviction relief. This Court dismissed that appeal as

untimely, because a timely notice of appeal should have been filed on or before April 13, 2011 and the delay was not attributable to court-related personnel.[1]

(3) In 2016, Wilson filed a direct appeal from his 2010 conviction and sentence. In response to a notice to show cause issued in that appeal, he argued that his counsel had ignored his wishes to file a notice of appeal and misinformed him of his appeal rights; he requested remand for resentencing so that he could file a timely notice of appeal. This Court dismissed the appeal as untimely.[2] With respect to Wilson's claims regarding his counsel, the Court emphasized that he had not explained "why he waited almost six years to file this notice of appeal" and that he had not taken any other action after this Court dismissed his appeal from the denial of his motion for postconviction relief in 2011.[3]

(4) The Superior Court docket reflects that Wilson has not made any additional filings in that court since this Court's dismissal of his 2016 appeal. On February 20, 2020, Wilson filed a notice of appeal from the Superior Court's March 14, 2011 denial of his motion for postconviction relief. As this Court indicated in its dismissal of Wilson's previous appeal from the same Superior Court order, a timely notice of appeal should have been filed on or before April 13, 2011.[4] This

---

[1] *Wilson v. State*, 2011 WL 1900446 (Del. May 16, 2011).
[2] *Wilson v. State*, 2016 WL 806291 (Del. Mar. 1, 2016).
[3] *Id.* at *1.
[4] *Wilson*, 2011 WL 1900446, at *1.

2

Court lacks jurisdiction to consider an appeal when the notice of appeal is not timely filed, unless the appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel.[5]

(5) On February 20, 2020, the Chief Deputy Clerk issued a notice directing Wilson to show cause why this appeal should not be dismissed as untimely filed. In response to the notice to show cause, Wilson states that he directed his counsel to file a timely direct appeal, but that his counsel "erroneously advised and informed the defendant that he had no ability to appeal, and instead filed a motion for modification of sentence on [Wilson's] behalf pursuant to Superior Court Criminal Rule 35(b)." Relying on the United States Supreme Court's decision in *Garza v. Idaho*,[6] he argues that, in light of his counsel's alleged error, he should be given an opportunity to bring an appeal.

(6) In *Roe v. Flores-Ortega*,[7] the United States Supreme Court held that "when an attorney's deficient performance costs a defendant an appeal that the defendant would have otherwise pursued, prejudice to the defendant should be presumed [for the purpose of establishing a claim of ineffective assistance of counsel] 'with no further showing from the defendant of the merits of his underlying

---

[5] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).
[6] 139 S. Ct. 738 (2019).
[7] 528 U.S. 470 (2000).

claims.'"[8]  In *Garza*, the Court held that the presumption of prejudice applies "even when the defendant has, in the course of pleading guilty, signed what is often called an 'appeal waiver'—that is, an agreement forgoing certain, but not all, possible appellate claims."[9]

(7)    The appeal is dismissed as untimely.  *Garza* does not stand for the proposition that this Court must consider an untimely appeal.  To the extent that Wilson is claiming that, following *Garza*, he had a viable claim for postconviction relief based on ineffective assistance of counsel, he should have presented that claim to the Superior Court by filing a timely, procedurally proper motion for postconviction relief.[10]

---

[8] *Garza*, 139 S. Ct. at 742 (summarizing and quoting *Flores-Ortega*, 528 U.S. at 484).

[9] *Id.*

[10] *See* DEL. SUPER. CT. CRIM. R. 61(i) (establishing procedural bars to postconviction relief, including that a motion for postconviction relief that asserts a newly recognized, retroactively applicable right as grounds for relief must be filed within one year after the right is first recognized). *See also* DEL. SUPR. CT. R. 8 (providing that "[o]nly questions fairly presented to the trial court may be presented for review").  We note, without deciding the issue, that several federal courts have held that *Garza* did not establish a newly recognized, retroactive right. *E.g.*, *United States v. Price*, 2020 WL 516357, at *3 n.1 (W.D. Pa. Jan. 23, 2020); *Espinal v. United States*, 2020 WL 264918, at *3-4 (E.D.N.Y. Jan. 17, 2020); *Macklin v. Dowling*, 2019 WL 4727070, at *3 (W.D. Okla. Aug. 30, 2019).

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Tamika R. Montgomery-Reeves*
Justice